**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION**

UNITED STATES OF AMERICA                                              RESPONDENT

VS.                                          CIVIL ACTION NO. 5:05cv191-DCB-JCS
                                                  CRIMINAL NO. 5:02-cr-3-DCB

CHRISTOPHER JOHN MILTON                                                PETITIONER

<u>MEMORANDUM OPINION AND ORDER</u>

This cause is before the Court on the petitioner's motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 [**docket entry no. 1** in civil action 5:05cv191, and **docket entry 20** in criminal action 5:02cr3]. Having reviewed the motion, the government's response, applicable statutory and case law, and being otherwise fully advised in the premises, the Court finds as follows:

**<u>FACTUAL AND PROCEDURAL HISTORY</u>**

Christopher Milton was charged in a four-count criminal indictment concerning various firearm related charges on April 9, 2002. On June 13, 2002, the defendant pled guilty to two counts pursuant to a plea agreement with the government. Pursuant to that plea agreement, the government agreed, in exchange for the defendant's guilty plea on two counts and for other consideration as discussed *infra*, to recommend sentencing in the lower fifty (50) percent of the applicable guideline range and also to dismiss the remaining two counts in the indictment. On October 17, 2002, the

Court accepted Milton's plea and sentenced him to serve sixty (60) months imprisonment on each count, to run concurrently, with three (3) years of supervised release. See docket entry no. 18. On October 21, 2005, the defendant filed the instant motion to vacate pursuant to 28 U.S.C. § 2255. His primary assertion in that petition is that the Court impermissibly enhanced his sentence beyond the statutory maximum without evidence, found by a jury, to support the enhancement.

**DISCUSSION**

To obtain post-conviction relief under 28 U.S.C. § 2255, a petitioner attacking his conviction or sentence must prove by a preponderance of the evidence that his sentence was imposed in violation of the United States Constitution or laws, that the court lacked jurisdiction to impose such a sentence, that the sentence exceeded the maximum authorized by law, or that the sentence is otherwise subject to collateral attack.[1]  See 28 U.S.C. § 2255.

The United States Supreme Court has emphasized that a collateral challenge to a conviction or sentence should not serve

---

[1]  A prisoner in custody under sentence of court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

28 U.S.C. § 2255

as a substitute for a direct appeal. United States v. Frady, 456 U.S. 152, 165 (1982); United States v. Shaid, 937 F.2d 228, 231 (5th Cir. 1991). "After conviction and exhaustion or waiver of any right to appeal," this Court is "'entitled to presume that [the defendant], stands fairly and finally convicted.'" Shaid, 937 F.2d at 231-32 (quoting Frady, 456 U.S. at 164). To raise claims for the first time in a motion seeking collateral relief, a petitioner must either (1) demonstrate "cause" for not raising the issue on direct appeal and "actual prejudice" resulting from the error, or (2) show that he is "actually innocent" of the crime for which he was convicted. United States v. Torres, 163 F.3d 909, 911 (5th Cir. 1999). If the petitioner does not meet either burden, then he is procedurally barred from attacking his conviction or sentence. See United States v. Drobny, 955 F.2d 990, 944-95 (5th Cir. 1992).

The petitioner claims that he notified his trial attorney that he wished to appeal his sentence but asserts that his counsel failed to do so after telling Milton that he would. See Petition, at 6. The government does not refute that assertion; therefore, the Court will consider the claims in his instant motion despite the petitioner's failure to raise those issues on direct appeal.

**Waiver of Right to Seek Collateral Relief**

The government's sole challenge to Milton's § 2255 petition rests upon a claim that he waived his right to seek any post-conviction relief via § 2255 in the plea agreement. See Government's Response, at 1. The Memorandum of Understanding,

signed by the petitioner and his counsel on June 13, 2002, states, in part, as follows:

> The Defendant, knowing and understanding all the facts set out herein, including the maximum possible penalty that could be imposed, and including his right to appeal the sentence imposed . . . hereby expressly waives the right to appeal the conviction and/or sentence imposed in this case, or the manner in which that sentence was imposed, on the grounds set forth in Section 3742, or on any ground whatsoever, and expressly waives the right to contest the sentence of the manner in which the sentence was imposed in any post-conviction proceeding, <u>including but not limited to a motion brought under Section 2255</u>, Title 28, United States Code and any type of proceeding claiming double jeopardy or excessive penalty as a result of any forfeiture ordered or to be ordered in this case.

Memorandum of Understanding, ¶11 (emphasis added).  Thus, if the terms of the plea agreement are controlling, Milton has clearly waived his right to seek relief under § 2255.  See <u>United States v. Wilkes</u>, 20 F.3d 651, 653 (5th Cir. 1994) (holding that waiver of appeal and post-conviction relief under § 2255 is enforceable so long as waiver is informed and voluntary).  This waiver is equally enforceable to bar the petitioner's claim that his sentence was impermissibly enhanced on the basis of facts not established by the jury as fact-finder, a claim presumably based upon <u>United States v. Booker</u>, 125 S. Ct. 738 (2005).  See <u>United States v. Bond</u>, 414 F.3d 542, 545 (5th Cir. 2005) (holding that waiver was broad enough to cover <u>Booker</u> claims); <u>United States v. Martinez</u>, 2006 WL 1293261, at *8 (S.D. Tex. May 6, 2006) (same; citing cases).

The petitioner has offered no response to the argument set forth by the government.  He does not claim that his waiver was not knowing or voluntary.  Moreover, his claim that his attorney failed to file a requested appeal fails to salvage the current petition inasmuch as the plea agreement also waived the defendant's right to appeal the sentence.  The Court holds that the waiver provision is enforceable and operates to bar Milton's current petition.[2]

## CONCLUSION

For the foregoing reasons, the petitioner's Motion to Vacate, Set Aside, or Correct his Sentence is not well-taken and should be **DENIED**.  Accordingly,

IT IS HEREBY ORDERED that Petitioner Christopher John Milton's Motion to Vacate under 28 U.S.C. § 2255 [**docket entry no. 1**] in civil action 5:05cv191-DCB and [**docket entry no. 20**] in criminal action 5:02cr3] is **DISMISSED WITH PREJUDICE.**

A separate judgment will be entered by the Court in accordance with Rule 58 of the Federal Rules of Civil Procedure.

SO ORDERED, this the 14th day of June, 2006.

S/DAVID BRAMLETTE
UNITED STATES DISTRICT JUDGE

---

[2] Though not raised by the government, it is likely that the instant petition, filed over three years after sentencing, is also time-barred.  See 28 U.S.C. § 2255 (giving defendant a one-year statutory timeframe from the date of final judgment in which he or she may ordinarily seek post-conviction relief).